UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY LEE STRELZ,<br><br>　　　　　Plaintiff,<br><br>JACKSON, et al..<br><br>　　　　　Defendants. | No. 2:19-cv-0183 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated some cognizable claims, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claims in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.    Analysis**

**A. Allegations of the Complaint**

Plaintiff complains of conduct that occurred at California State Prison, Solano ("CSP-Sol") in 2018. Plaintiff asserts claims against four defendants: (1) Correctional Officer ("CO") Jackson; (2) CO L. Vang; (3) CO Lowe; and (4) an unidentified doctor. (ECF No. 1 at 2.)

Plaintiff alleges that on July 14, 2018, he was involved in an altercation with another inmate in the B-Facility yard. Defendants Jackson and Vang approached and ordered the plaintiff and the other inmate to stop. Plaintiff states that even after he complied with the order, he continued to be pepper sprayed in the face and on his back. As a result, plaintiff suffered skin burns, skin and eye irritation, and a corneal abrasion in his right eye. Plaintiff also contends he suffered burns on his chest because he had a bottle of bleach and some batteries in his pocket that burst open when plaintiff was being sprayed. (ECF No. 1 at 3-4, 8.)

Plaintiff alleges that he was then escorted by defendant Lowe to rinse off and decontaminate. However, Lowe only allowed plaintiff about 30 seconds under the water, despite plaintiff telling Lowe numerous times that he still felt a burning sensation and that he still had spray in his eyes.

Lowe then left plaintiff handcuffed in a holding cage. Plaintiff told Lowe he needed medical attention, but Lowe did not help him or summon help. Eventually, plaintiff "blacked out" and woke up in the hospital. A doctor told him he had gone into shock and had a seizure. As a result, plaintiff states that he suffers from depression, anxiety, and PTSD. (ECF No. 1 at 5-6.)

In his last claim, plaintiff contends an unidentified doctor looked in on plaintiff when he was in the bathroom and, without examining plaintiff, stated that plaintiff seemed okay and walked away. (ECF No. 1 at 7.)

Plaintiff seeks nominal, compensatory, and punitive damages. (ECF No. 1 at 9.)

### B. Does Plaintiff State Cognizable Claims?

Plaintiff alleges: (1) defendants Jackson, Vang, and Lowe used excessive force in violation of the Eighth Amendment; and (2) an unidentified doctor was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.

#### 1. Eighth Amendment Excessive Force

##### a. Legal Standards

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

4

cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

### b. Does Plaintiff state Excessive Force Claims against Jackson, Vang, and Lowe?

Plaintiff contends defendants Jackson and Vang unnecessarily continued to spray plaintiff on the face and back with pepper spray after plaintiff complied with an order to stop fighting and was lying on the ground. Plaintiff has adequately alleged cognizable claims of excessive force against defendants Jackson and Vang. See Vlasich v. Reynoso, 117 F. App'x 568 (9th Cir. 2004) (allegations that officers continued to pepper spray inmate after he complied with their request sufficient to state a claim for excessive force).

While plaintiff identifies his claim against defendant Lowe as one for excessive force, this court finds plaintiff's claim is better understood as a refusal to provide appropriate medical care for plaintiff's injuries from the pepper spray. His claim against Lowe is addressed in the following section.

### 2. Eighth Amendment Medical Claims

#### a. Legal Standards

When a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### b. Does Plaintiff State an Eighth Amendment Medical Claim against Lowe?

Plaintiff contends that defendant Lowe took him to the bathroom to allow him to "decontaminate." But, despite plaintiff's protests that he still felt a burning sensation, Lowe only allowed plaintiff 30 seconds under the water and then ignored plaintiff's pleas for medical attention. As a result, plaintiff went into shock, had a seizure, and passed out. This court finds these allegations sufficient to state an Eighth Amendment claim against Lowe. See Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (denial of showers and medical attention to inmates subjected to pepper spray states Eighth Amendment claim).

### c. Does Plaintiff State an Eighth Amendment Claim against the Doctor?

Plaintiff's claim against the unnamed doctor is insufficient. First, plaintiff's allegations against the unnamed doctor do not state a claim under § 1983. It is not clear from plaintiff's complaint just whether the doctor saw plaintiff before, during, or after he was attempting to wash off the pepper spray. To show deliberate indifference to his medical needs, plaintiff must state just what the doctor knew and just what plaintiff feels he should have, but intentionally failed to, do.

A second problem with plaintiff's contention is that he fails to identify the doctor. Plaintiff is advised that there is no provision in the Federal Rules of Civil Procedure for including unnamed defendants, also called "Doe" defendants, in a complaint. The use of Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.

Supp.2d 1149, 1152 (E.D. Cal. 2008). If he chooses to amend his complaint, plaintiff should make every attempt to identify the doctor before he files an amended complaint.

## CONCLUSION

The court finds above that plaintiff has stated the following potentially cognizable claims: (1) for excessive force in violation of the Eighth Amendment against defendants Jackson and Vang; and (2) for deliberate indifference to plaintiff's serious medical needs against defendant Lowe. Plaintiff fails to state a claim against the unnamed doctor defendant. Plaintiff will be permitted an opportunity to amend his complaint to attempt to state a claim against that defendant. In the alternative, plaintiff may proceed on the claims against Jackson, Vang, and Lowe that the court finds potentially cognizable. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims, plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of

////

official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is granted.
2. Plaintiff's claim against the unnamed doctor defendant is dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
   a. If plaintiff chooses to proceed on his current Eighth Amendment excessive force claim against defendants Jackson and Vang and his Eighth Amendment medical claim against defendant Lowe, he shall so notify the court within thirty days. The

////

9

court will then order service of the complaint on these three defendants and will recommend dismissal of plaintiff's remaining claim and defendant.

    b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he must file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment claims against Jackson, Vang, and Lowe identified above. The court will then recommend dismissal of plaintiff's remaining claim.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 11, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/stre0183.scrn lta